UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
|---|---|---|---|
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Bononi | Adam Levin |
| Jarryd Cooper | |

**Proceedings:** PLAINTIFF'S MOTION TO REMAND (Dkt. 14, filed November 25, 2015)

## I. INTRODUCTION

On September 25, 2015, plaintiff, Christopher Klausen, filed the instant suit against defendants Warner Brothers Television ("Warner Bros.") and Does 1 through 50 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). Plaintiff asserts claims against defendants for: (1) Discrimination based upon age in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code. §§ 1294, *et seq.*; and (2) Failure to Prevent Discrimination in Violation of FEHA. Id. On October 28, 2015, defendants removed this action to this Court. Dkt. 1. As the basis for removal, defendants stated that plaintiff's action is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141, *et seq.*, because it requires the interpretation of a collective bargaining agreement governing the terms and conditions of plaintiff's employment. Id. at 2.

On November 25, 2015, plaintiff filed a motion to remand this action to state court. Dkt. 14. On December 7, 2015, defendants filed an opposition, Dkt. 16, and on December 14, 2015, plaintiff filed a reply, Dkt. 20. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
|---|---|---|---|
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

## II. BACKGROUND

Plaintiff, who is fifty-five years old, is a former employee of defendant Warner Bros. Compl. ¶¶ 1, 8. For seven years, plaintiff worked as a Second Assistant Director on the popular television show, the *Big Bang Theory*. Id. ¶ 9. Throughout this period, plaintiff's employment with Warner Bros. was governed by two collective bargaining agreements: (1) the "Director's Guild of America Basic Agreement of 2011" which governed employment between July 1, 2011 and June 30, 2014; and (2) the "Memorandum of Agreement for Directors Guild of America Basic Agreement of 2014" which governed employment between July 1, 2014 to June 30, 2017 (collectively, "the CBA"). Dkt. 16, Holst. Decl. ¶¶ 7-9, Exs. 2-3.

In his complaint, plaintiff alleges that defendants discriminated against him, demoted him, and eventually terminated him because of his age. Compl. ¶ 9. As a Second Assistant Director, a major aspect of plaintiff's job duties involved interacting and working with the actors on the *Big Bang Theory*. Id. ¶ 29. This included serving as a liaison to the actors, making sure the actors were prepared for each scene, and putting the actors through wardrobe and make-up. Id. Plaintiff states that, after he turned fifty, he began to notice that the actors on the show, who are all considerably younger than plaintiff, began to ostracize him. Id. Beginning with the sixth season of the *Big Bang Theory*, defendants reassigned several of plaintiff's job responsibilities to two younger and less experienced employees, Nicole Lorre ("Lorre") and T. Ryan Brennan ("Brennan"). Id. ¶¶ 27, 30. When plaintiff confronted one of the show's producers, Faye Oshima Belyeu, about his job duties being reassigned, she told him that his duties were reassigned because Lorre and Brennan "related to the actors better." Id. ¶ 31.

Before the start of the seventh season of the *Big Bang Theory*, defendants told plaintiff that he would be permanently replaced as the Second Assistant Director by Lorre. Id. ¶ 36. Instead, plaintiff would now serve as the Second Second Assistant Director, an uncredited position. Id. As a general matter, plaintiff's new position still involved interacting with the actors. Id. ¶ 37. However, defendants told plaintiff that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

Brennan would be exclusively dealing with the actors on the show, again because he "relate[d] to the actors better." Id. Defendants told plaintiff that his sole responsibility would be "blocking the background," which is a stage term meaning directing the movements of the extras on the show. Id.¶ 38. Plaintiff states that this was a less desirable and prestigious job duty than what he was previously assigned. Id.

Throughout the eighth season of the *Big Bang Theory*, defendant reassigned more of plaintiff's job duties to Brennan. Id. ¶ 47. Plaintiff also alleges that defendants frequently excluded him from assignments he had previously performed in favor of younger employees. Id. Finally, on or around April 20, 2015, and after completing filming of the eight season of the *Big Bang Theory*, defendants informed plaintiff that they would not be entering into a new contract with him for the show's ninth season, effectively terminating his employment. Id. ¶ 48. Defendants told plaintiff that they made this decision on the basis of "performance reasons." Id. Plaintiff believes, however, that he was terminated because he was over fifty years old. Id. ¶ 51.

### III.   LEGAL STANDARD

####   A.   Federal Subject Matter Jurisdiction

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

### B.     Section 301 of the Labor Management Relations Act

Under Section 301(a) of the Labor Management Relations Act, district courts have jurisdiction over claims arising from "violations of contracts between an employer and a labor organization representing employees in an industry." 29 U.S.C. § 185(a). Federal substantive law preempts state law in an action arising under Section 301 in order to further the interest in uniform federal interpretation of collective bargaining agreements. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985) ("[D]imensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute [so that] issues raised in suits of a kind covered by § 301 [are] to be decided according to the precepts of federal labor policy.") (citing Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962)). Accordingly, Section 301's preemptive force has been construed to cover most "state law actions that require interpretation of labor agreements." Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1016 (9th Cir. 2000).

Where a right "exists solely as a result of the [collective bargaining agreement], then the claim is preempted," and the court's analysis ends there. Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). (citing Allis-Chalmers, 471 U.S. at 212). However, if the right exists independently of the collective bargaining agreement, it may still be preempted if "it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.' " Id. (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987)). In general, if resolution of a state law claim requires an interpretation of the terms of a collective bargaining agreement, then the claim is substantially dependent upon the collective bargaining agreement and is therefore preempted under section 301. Burnside, 491 F.3d at 1060; Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001), cert. denied 534 U.S. 1078 (2002). On the other hand, if the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining

Case 2:15-cv-08423-CAS-AS   Document 27   Filed 01/25/16   Page 5 of 13   Page ID #:1833

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'   JS-6

| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
|---|---|---|---|
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

agreement will be consulted in the course of the state-law litigation" does not result in preemption. Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).

Ultimately, "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691. Specifically, the court must consider "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Burnside, 491 F.3d at 1060 (internal citations omitted) (alteration in original); see also Cramer, 255 F.3d at 691-92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.").

## IV.   DISCUSSION

Defendants contend that federal question jurisdiction exists in this case pursuant to section 301 of the LMRA. More specifically, they contend that the resolution of plaintiff's FEHA claims will require a court to interpret the provisions of the CBA and therefore plaintiff's claims are preempted by section 301. The Court disagrees.

The Ninth Circuit has "consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301." Schrader v. Noll Mfg. Co., 91 Fed. App'x. 553, 555 (9th Cir. 2004) (citing Ackerman v. W. Elec. Co., 860 F.2d 1514, 1517 (9th Cir. 1988) (finding no § 301 preemption of FEHA disability discrimination claim because the right not to be discriminated against because of physical handicap is "defined and enforced under state law without reference to the terms of any collective bargaining agreement"); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286-87 (9th Cir. 1989) (finding no § 301 preemption of FEHA age discrimination claim because the statute creates a "mandatory and independent state right"); Cook v. Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir. 1990) (finding no § 301 preemption of FEHA religious discrimination claim because "the right not to be discriminated against on the basis of religion cannot be removed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

private contract")); See also Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993) ("In every case in which we have considered an action brought under the California Employment Act, we have held that it is not preempted by section 301.").

The rationale behind these rulings is that FEHA establishes "nonnegotiable state-law rights" which cannot be altered by contract, including by CBAs. Ramirez, 998 F.2d at 748. Rather, the rights conferred by FEHA are "defined and enforced under state law without reference to the terms of *any* collective bargaining agreement." Chmiel, 873 F.2d at 1286 (emphasis added); see also Cook, 911 F.2d at 240 ("California's statute confers upon employees certain rights not to be discriminated against . . . That right is defined and enforced under state law without reference to the terms of any collective bargaining agreement. [The employee's] state-law claim is consequently independent of the agreement. That [he] might also have separate remedies under the bargaining agreement makes no difference.") (citations omitted).

The instant case falls squarely within the line of cases holding that resolution of FEHA claims does not require a court to interpret the terms of a CBA. Plaintiff asserts a claim for age discrimination in violation of FEHA. To state a prima facie case of age discrimination under FEHA, a plaintiff must establish: (1) that he was a member of the protected class (i.e. age 40 to 70); (2) that he suffered an adverse employment action; (3) that at the time he suffered the adverse employment action he was satisfactorily performing his job; and (4) that he was replaced by a substantially younger employee. See Schechner v. KPIX-TV, 686 F.3d 1018, 1023 (9th Cir. 2012). As an initial matter, determining whether plaintiff is a member of the protected class and whether a substantially younger employee replaced him patently does not require a court to interpret the terms of the CBA. Similarly, whether plaintiff was satisfactorily performing his job is a subjective inquiry that will require the fact finder to consider evidence, regarding plaintiff's performance record, but will not require the interpretation of the CBA.

Nonetheless, defendants argue that it is necessary to interpret the terms of the CBA to determine whether plaintiff has suffered an adverse employment action. For example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
|---|---|---|---|
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

defendants argue that, "in order to assess whether [plaintiff] was 'demoted' or his job duties were 'reassigned' or 'replaced,' the court must evaluate and interpret various provisions of the CBA." Opp'n., at 6. In particular, defendants argue that the CBA governs the circumstances under which an employer may employ directors in various positions such as First Assistant Director, Second Assistant Director, and Second Second Assistant Director, and when they may hire additional employees for these positions. Defendants also argue that the CBA governs the length of employment for these positions and when an employee may be "upgraded" or "downgraded" from these positions, e.g. downgraded from Second Assistant Director to Second Second Assistant Director. Finally, defendants argue that the CBA sets forth "the fourteen duties of the First Assistant Director and nineteen duties of the Second Assistant Director." Id. at 7.[1] Defendants contend that these provisions must be interpreted to determine whether plaintiff was in fact "downgraded" within the meaning of the CBA and whether the reassignment of his various job duties can in fact constitute a "demotion."

However, the issues defendants identify are, at best, tangential to the resolution of plaintiff's FEHA claims. Under California law, the standard for determining whether an employee has been subjected to an adverse employment action is whether the "terms and conditions of employment" have been materially affected in a negative way. See Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1054 (2005). To determine whether the terms and conditions of plaintiffs' employment have been materially affected in a negative way, the fact finder will compare plaintiff's job responsibilities and duties during the first five seasons of the *Big Bang Theory*, and his job responsibilities and duties during the subsequent seasons, when defendants allegedly began to discriminate against him. The fact finder will then determine whether stripping plaintiff of these duties or reassigning him to an uncredited position, Second Second Assistant Director, materially affected the terms and conditions of plaintiff's employment. For example, the

---

[1] Defendants acknowledge that the duties of a Second Second Assistant Director are not specified in the CBA, but note that these duties "are a matter of interpretation of the CBA and practice in the television industry." Opp'n., at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

fact finder might consider whether plaintiff's new responsibilities were in some way less prestigious or less desirable than his earlier responsibilities. Or the fact finder mifght consider whether being reassigned to an uncredited position afforded plaintiff fewer opportunities for career development. This analysis is not dependent on how various terms or duties are defined under the CBA. Instead it will depend on evidence regarding plaintiff's experience as an employee on the *Big Bang Theory*, and how defendant's altered plaintiff's role on the show over time. Based on this evidence, the fact finder will then determine whether under FEHA—and not the CBA—plaintiff suffered an adverse employment action.[2]

---

[2] In their notice of removal, defendants argue that the CBA must be interpreted "to determine whether Warner Bros. had a legitimate business reason for the alleged employment decisions at issue." Notice of Removal, at 11. However, the Ninth Circuit has routinely held that section 301 cannot be asserted defensively to trigger preemption. In Cramer v. Consolidated Freightways Corp., 255 F.3d 683, 691 (9th Cir. 2001), the Ninth Circuit held that in order for a claim to be preempted by section 301, "the need to interpret the CBA must inhere in the nature of plaintiff's claim." "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Id.; see also Sprewell v. Golden State Warriors, 266 F.3d 979, 991 (9th Cir.2001) (defensive reliance on CBA terms is insufficient to trigger preemption). And, relying on Cramer, the Ninth Circuit has expressly rejected the argument advanced by defendants in this case. Specifically, in Humble v. Boeing Co., 305 F.3d 1004, 1011 (9th Cir. 2002), the Ninth Circuit stated as follows:

> Boeing argues that when it offers a non-discriminatory justification for its conduct by relying on authorizing CBA provisions, that suffices to trigger preemption of Humble's reasonable accommodation claim. This argument is unavailing after Cramer, which held that reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption.

Moreover, even assuming defendants did comply with the provisions of the CBA, that argument is beside the point because plaintiff is asserting a claim, not for violation of the CBA, but for violations of FEHA. Accordingly, the relevant inquiry is whether defendant's discriminated against plaintiff on the basis of his age, regardless of whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

  Defendants next argue that it is necessary to interpret the CBA to determine whether plaintiff was, in fact, "terminated," as he alleges in his complaint. More specifically, they contend that under the CBA, plaintiff was only guaranteed employment on a week-to-week basis and that what plaintiff identifies as his termination is more accurately viewed as a decision not to renew his employment contract. Defendants also cite several cases in which California courts have held that the non-renewal of an employment contract does not constitute termination. However, all of the cases defendants cite are inapposite because they involve claims for wrongful termination, not discrimination in violation of FEHA. See, e.g., Touchstone Television Prods. v. Superior Court, 208 Cal. App. 4th 676, 682 (2012) ("Sheridan cannot pursue a cause of action for *wrongful termination* in violation of public policy because . . . Touchstone chose only not to exercise its option to renew her contract for the next season.") (emphasis added). Unlike claims for wrongful termination, under FEHA the decision not to renew an employment contract can constitute an adverse employment action. See Wilson v. Murillo, 163 Cal. App. 4th 1124, 1134-35 (2008) ("[T]he 'adverse employment action' threshold is met when the employer's action impact[s] the 'terms, conditions, or privileges' of the plaintiff's job in a real and demonstrable way. . . Examples include discharge, demotions, refusal to hire, *nonrenewal of contracts*, and failure to promote") (emphasis added).

  Moreover, regardless of whether the failure to renew plaintiff's employment contract constitutes a "termination" within the meaning of the CBA, plaintiff's claims only require him to prove that he suffered an adverse employment action. This is a factual question that can be resolved without interpreting the meaning of a "termination" under the CBA. Accordingly, courts have routinely held that the question of whether an employee was terminated does not require courts to interpret a CBA. See, e.g., Hawaiian Airlines, Inc. v. Norris, 512 U.S. 426, 266 (1994) ("Petitioners argue that resort to the CBA is necessary to determine whether respondent, in fact, was discharged. This argument is foreclosed . . . [because] the issue to be decided in this action-whether the employer's actions make out the element of discharge under Hawaii law—is a 'purely

---

their conduct may have complied with the terms of the CBA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

factual questio[n].' ") (citations omitted); Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1110 (9th Cir. 2000) ("In short, determining whether Balcorta was discharged does not require a court to interpret the collective bargaining agreement between Fox and Local 728, and thus does not render Balcorta's claims subject to complete preemption.").

Finally, it is worth noting that, while a court may have cause to refer to the CBA in resolving plaintiff's claims, this is insufficient to trigger preemption under section 301. The Ninth Circuit has drawn a distinction between cases that merely require a court to reference or consider the terms of a CBA and those which are preempted because they actually require a court to interpret the terms of a CBA. See Ramirez, 998 F.2d at 749 ("[R]eference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms. If it were, all discrimination actions brought by unionized employees would be preempted because the starting point for every case would have to be the agreement. Although the line between reference to and interpretation of an agreement may be somewhat hazy, merely referring to an agreement does not threaten the goal that prompted preemption—the desire for uniform interpretation of labor contract terms."). Accordingly, while the terms of the CBA may be relevant to the resolution of plaintiff's claims, that is not enough where, as here, the ultimate question of whether defendants discriminated against plaintiff on the basis of his age can be resolved without interpreting the CBA. See also Fed. Civ. Proc. Before Trial (Nat. Ed.) § 2:2643 (2015) ("Even if it is necessary to *refer* to a CBA to determine the terms and conditions of employment, state law discrimination claims can be resolved *without interpreting* the terms of the CBA.") (emphasis in original).

And, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require" that a state law cause of action be preempted." Madison v. Motion Picture Set Painters and Sign Writers Local 729, 132 F. Supp. 2d 1244, 1252 (C.D. Cal. 2000) (citing Livadas, 512 U.S. at 124 (1994)). Here, it does not appear that any of the terms of the CBA that may be consulted in the course of plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

state-law litigation could reasonably be the subject of dispute. Many of the terms in the CBA appear to be self-explanatory. For example, the CBA sets forth the duties of a Second Assistant Director, which include, inter alia: "distribute script and script changes and production schedules to cast and crew on set," "arrange to unlock dressing rooms and trailers," "assist in the inspection of the set for safety," and "check that make-up hair and wardrobe have arrived and are setting up." Holst Decl. Ex. 2, pages 436-438. Provisions such as these require no interpretation because their meaning is readily apparent.[3]

Thus, while it may be necessary to consider the CBA in the course of resolving plaintiff's FEHA claims, the Court finds that the terms of the CBA will only be considered by way of reference and will not be reasonably disputed by the parties. This does not constitute "interpretation" of a CBA under Ninth Circuit case law and therefore does not trigger preemption under section 301. See also Detabali v. St. Luke's Hosp.,

---

[3] Defendants argue that several of the duties identified in the CBA are "vague and cannot be understood or applied without interpretation of the CBA." Opp'n., at 7. Specifically, they point to duty number 15 ("Assist the First [Assistant Director] in giving stage cues") and duty number 16 ("Assist the First [Assistant Director] in the direction and placement of background action and supervision of crowd control"). However, even assuming that these provisions are "vauge," defendants provide no reason for believing that it will be necessary to interpret these provisions in order to resolve plaintiff's case. See also Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1072 (9th Cir. 2007) ("Our circuit has repeatedly frowned upon defendants who have invoked tangentially related CBA provisions in a strained and transparent effort to extinguish state-law claims via preemption."). Defendants also comment that the CBA contains numerous "detailed and complicated" procedures for how and when employees may be hired, reassigned, or replaced for various positions. However, other than presumably the fact that the agreement is long, defendants have provided no reason to conclude that the CBA is unduly complicated. At over 500 pages, the CBA is undoubtedly lengthy. But the fact that the agreement is long does not change the fact that its provisions are in large part self-explanatory. Moreover, other than conclusory statements that the CBA is complex, defendants have not identified a provision that will be both necessary to the resolution of plaintiff's claim and subject to serious dispute by the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
|---|---|---|---|
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

482 F.3d 1199, 1203 (9th Cir. 2007) ("[B]ecause there is no dispute over the meaning of any terms within the agreement, resolution of the central issue—whether St. Luke's discriminated against Detabali in applying the agreement—does not depend on interpretation of the collective bargaining agreement.")

Accordingly, the Court finds that resolution of plaintiff's FEHA claims does not require a court to interpret the terms and provisions of a CBA and therefore plaintiff's claims are not preempted under section 301 of the LMRA.[4]

---

[4] In their opposition, defendants cite several cases in which courts found that state law discrimination claims were preempted under section 301. However, these cases are readily distinguishable because in each the plaintiffs' claims depended on establishing a violation of a CBA. For example, defendants cite Audette v. Longshoremen's and Warehousemen's Union, 195 F.3d 1107 (9th Cir. 1999), in which the Ninth Circuit held that a plaintiff's state-law discrimination claim was preempted by section 301. However, in Audette, the plaintiff claimed that the defendants discriminated against him by failing to comply with a settlement agreement that had expressly incorporated the terms of an underlying CBA. Id. at 1112; see also Padilla v. Pac. Bell Tel. Co., 2015 WL 728695, at *3 (C.D. Cal. Feb 19, 2015) (Pregerson, J.) ("But Audette is distinguishable, both because it applies Washington rather than California law and because the discrimination alleged in that case was in the context of enforcing a settlement agreement that relied on an underlying CBA to define its terms and provide for enforcement.") (citations omitted). Similarly, in Madison v. Motion Picture Set Painters and Sign Writers Local 729, 132 F. Supp. 2d 1244 (C.D. Cal. 2000), the plaintiff sued his own union claiming that the union had discriminated against him in the manner in which it had handled a grievance procedure set forth under the terms of a CBA. Accordingly, determining whether plaintiff had been discriminated against required the court to determine what the CBA's grievance procedures were and whether those procedures had been applied to plaintiff in a manner that differed from any other employees. Moreover, courts have noted that these cases are unique and represent narrow exceptions to the general rule that FEHA claims do not require courts to interpret the terms of a CBA. See Martinez v. Kaiser Found. Hosps., 2012 WL 2598165, at *6 (N.D. Cal. Jul.5, 2012) ("To the extent the Union relies on Audette [ ] and Madison [ ] those cases are the exception and not the rule."). For the reasons stated above, the Court sees no reason that the instant case should be handled any differently from the lengthy line of cases finding that FEHA claims are not preempted by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08423-CAS(ASx) | Date | January 25, 2015 |
| Title | CHRISTOPHER KLAUSEN V. WARNER BROS. TELEVISION ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand.

IT IS SO ORDERED.

|  |  | 00 | : | 10 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

section 301. See also Guidry v. Marine Eng'rs. Beneficial Ass'n., 2007 WL 707511, at *4 (N.D. Cal. Mar. 6, 2007) (Breyer, J.) ("On rare occasions, however, courts have found that claims under FEHA *are* preempted . . . These [ ] cases represent an exception to the general rule set forth in the Ninth Circuit's jurisprudence that state-law claims of discrimination are generally not preempted. That exception, however, is a narrow one; state-law claims are preempted only when the resolution of an allegation of discrimination *itself* hinges on the interpretation of a labor contract.") (emphasis in original).